## Graham's Estate

*Frederick J. Templeton,* for exceptant.
*E. M. Biddle,* contra.

REESE, P. J., December 11, 1944.—Carlisle Trust Company filed a triennial account as trustee under the will of John Graham, who died in 1915. The income from the trust estate, which includes several farms, is paid to decedent's widow as life beneficiary. On December 7, 1942, the trustee sold 16 walnut logs which

had been cut from growing trees on one of the farms. The proceeds, $125, were credited to the principal of the trust estate. The life beneficiary has excepted to this item, claiming that the proceeds from the sale of the logs should have been allowed to her as income.

It is a familiar rule that a life tenant may remove only such timber as is reasonably necessary for use as firewood or for making repairs to the premises. A life tenant may also fell and remove dead or dying timber or trees which stand in open fields in such a way as to obstruct the cultivation of the ground where good husbandry requires their removal: Sayers et al. v. Hoskinson et ux., 110 Pa. 473.

Where real estate is suitable only for timber land, a life tenant is entitled to the proceeds of timber sold therefrom (1) where testator or settler of a trust had in his lifetime sold timber from the tract, or (2) where testator or settler empowers the life tenant or a trustee on his behalf so to do: Williard et al. v. Williard et al., 56 Pa. 119; Geyelin's Estate, 29 D. & C. 296, 302, 305. It was pointed out in the case last cited that where timber is appurtenant to other property or is not the chief and natural produce for which the land is available, as for instance on farm lands, the rule of law regarding the rights of life tenants to take off trees is essentially different.

In the case now before us the trees were removed from farm lands and not from a tract suitable only for timber land. The record before us does not disclose that the trees were in a dead or dying condition, nor that good husbandry required their removal. It follows that the general rule must be followed and this rule is well stated in 4 Bogert on Trusts and Trustees 2417, that where a trustee ". . . removes the timber in the proper administration of his trust, he should invest the proceeds of the sale of the timber in legal trust investments and pay the income only therefrom to the life cestui".

And now, December 11, 1944, the exceptions to the trustee's account are overruled and dismissed and the account is hereby confirmed.